The act of limitations was made to prevent the inconvenience of stale demands, and to hinder them after a reasonable length of time from rising up to charge him. This law, though very generally reprobated, is founded upon principles of justice, and ought to be adhered to; and had the act never received an interpretation which might govern the present case, the Court would now be of opinion that the using of such words in a man's will ought not to prevent the operation of that act, for that they are words common in almost all wills; but these words by former decisions have been held to have that effect, for the executor without such words is bound to pay all recoverable debts; but these words are supposed to bind him to something further — the payment of all just debts (2 P. Wil., 373; Salk., 154; 2 Vern., 141), whether recoverable at law or not, and are deemed to mean more than the law lays upon the executor without any such words used.
The plaintiff had a verdict and judgment.
Quere, whether this case is not overruled by Walker v. Campbell,8 N.C. 304, in which it was held that a debt barred by the statute of limitations is not revived by a direction in the debtor's will that certain slaves be sold "and with the proceeds thereof, after paying may debts,they," etc.
Cited: Walker v. Campbell, 8 N.C. 306. *Page 192